UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
NOV 17 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

)
)
In re GRAND JURY ) Misc. No. 10-604 (RCL)
)
)

## ORDER

This matter comes before the Court on a motion by Francis Mandanici requesting that a grand jury investigate alleged crimes committed by members of the Bush Administration. This allegedly criminal behavior relates to claims made by members of the Administration, primarily around January 2003, that Iraq had sought uranium with which to make a nuclear weapon. Mandanici submitted two motions to this Court [1] [4] requesting that the Court inform him as to any action taken by the Court or the Clerk's Office regarding the 2009 report. The Court issued an Order [5] on May 6, 2011, informing Mandanici that no record or copies of the 2009 report could be found, and that the Court had previously invited the United States Attorney's office to file a memorandum addressing the motion, which the office declined.

The clerk's office received a mailing from Mandanici on October 31, 2011, which has now been filed. The Court received a letter, which has now been filed, from the U.S. Attorney's office dated November 3, 2011, restating the office's lack of intent to participate in this matter in part because the statute of limitations on the alleged crimes has run.

The public interest does not require the Court to order a grand jury summoned to investigate this matter. *See* Fed. R. Crim. P. 6(a). The U.S. Attorney's office has declined to request a summons of a grand jury and does not seek the return of an indictment, effectively foreclosing prosecution. The office notes in particular that the statute of limitations for the alleged offenses has run. 18 U.S.C. § 3282(a) provides a five-year statute of limitations for non-



capital federal offenses. The violations Mandanici describes occurred around January 2003, well outside this limitations period. Although Mandanici argues for equitable tolling of the statute of limitations, or for application of equitable estoppel, this Court can find little authority that allows for an equitable exception to § 3282(a). *Cf., e.g., United States v. Atiyeh*, 402 F.3d 354, 367 (3d Cir. 2005) (rejecting government's argument for equitable tolling). Mandanici's reliance on *Holland v. Florida*, 130 S. Ct. 2549 (2010), is misplaced. That case involved equitable tolling for habeas petitions under the Antiterrorism and Effective Death Penalty Act of 2006 and does not bear on the time within which the government may bring prosecution. The statute of limitations has run, this Court is aware of no legal basis for nonetheless permitting a prosecution, and the U.S. Attorney's office would not seek an indictment at any rate. Summoning a grand jury to investigate would be to no end. It is therefore hereby

**ORDERED** that the associated correspondence from Mandanici, and the letter from the U.S. Attorney's office, have been filed on the public record, since they do not disclose any matters occurring before the grand jury. *See* Fed. R. Crim. P. 6(e). The Court advises Mandanici that it does not intend to take any action on his report and request.

**SO ORDERED** this 16th day of November 2011.

ROYCE C. LAMBERTH
Chief Judge
United States District Court